IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| PATECT, LLC, <br><br> *Relator*, <br><br> v. <br><br> HONEYWELL INTERNATIONAL INC. <br><br> *Defendant*. | Civil Action No. <br><br><br> JURY TRIAL DEMANDED |

### ORIGINAL COMPLAINT FOR FALSE PATENT MARKING

Relator Patect, LLC ("Relator") makes the following allegations against Honeywell International Inc. ("Honeywell" or "Defendant"):

### NATURE OF THE ACTION

1. This is a *qui tam* action for false patent marking under 35 U.S.C. § 292.

### PARTIES

2. Relator is a Texas limited liability company having a principal place of business at 1177 West Loop South, Suite 1700, Houston, Texas 77027. Relator has appointed Law Tech Services, Inc., 1177 West Loop South, Suite 1700, Houston, Texas 77027, as its agent for service of process.

3. On information and belief, Honeywell is a Delaware corporation with its principal place of business at 101 Columbia Rd., Morris Township, NJ 07962. On information and belief, Defendant has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801, as its agent for service of process.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this Forum, including: (i) at least a portion of the false marking, affixing, or advertising alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and/or services provided to individuals in Texas and in this District.

6. Venue is proper in this district under 28 U.S.C. §§1391(b), 1391(c), and 1395(a). Defendant has and continues (and/or has and continues to cause others) to transact business in this District, and has and continues (and/or has and continues to cause others) to mark upon, affix to, and/or use in advertising, in this District, the product(s) subject to this Complaint, which Defendant has and continues (and/or has and continues to cause others) to make, use, offer for sale, or sell in, and/or import into, this District.

## FACTS

7. Honeywell has and continues (and/or has and continues to cause others) to mark upon, affix to, and/or use in advertising U.S. Design Patent No. D342,990 ("the '990 Patent"), a true and correct copy of which is attached as <u>Exhibit A</u>, in connection with Defendant's products and/or related product packaging and advertisements, including, by way of example only, the FRAM® EXTRA GUARD® 8039 Air Filter products, as illustrated in <u>Exhibit B</u>.

8. The '990 Patent, which is titled "Air Filter Element," issued in the United States on January 4, 1994.

9. The '990 Patent expired, at the very latest, on January 4, 2008.

10. Subsequent to expiration of the '990 Patent, Honeywell modified its product packaging for the FRAM® EXTRA GUARD® 8039 Air Filter products. *See, e.g.*, Exhbit B (illustrating 2010 copyright on FRAM® EXTRA GUARD® 8039 Air Filter packages).

11. When the '990 Patent expired, all future rights in that patent ceased to exist.

12. Honeywell has and continues (and/or has and continues to cause others) to mark upon, affix to, and/or use in advertising U.S. Patent No. 4,990,247 ("the '247 Patent"), a true and correct copy of which is attached as Exhibit C, in connection with Defendant's products and/or related product packaging and advertisements, including, by way of example only, the FRAM® XTENDED GUARD™ XG2 Oil Filter, FRAM® XTENDED GUARD™ XG6607 Oil Filter, and FRAM® XTENDED GUARD™ XG16 Oil Filter products, as illustrated in Exhibit D-F, respectively.

13. The '247 Patent, which is titled "Relief Valve for Liquid Filter," was filed in the United States on September 8, 1989 and issued on February 5, 1991.

14. The '247 Patent expired, at the very latest, on September 8, 2009.

15. When the '247 Patent expired, all future rights in that patent ceased to exist.

16. While the packaging for the FRAM® XTENDED GUARD™ XG2 Oil Filter, FRAM® XTENDED GUARD™ XG6607 Oil Filter, and FRAM® XTENDED GUARD™ XG16 Oil Filter products utilize conditional "may be covered by language," these products are in fact not covered by any marked patent.

17. Honeywell has decades of experience applying for, obtaining, licensing, and litigating patents. *See, e.g.*, Exhibit G (boasting on Honeywell's website that Defendant has "around 11,000 active patents" in declaring that "Honeywell is known for pioneering innovation").

18. Honeywell is a large, sophisticated company. *See, e.g.*, Exhibit H (touting on Honeywell's website that, according to a Wall Street Journal Article, Defendant is "one of the top 10 innovators in the industry" based on patent metrics).

19. Defendants have and routinely retain sophisticated legal counsel. *See, e.g.*, Exhibit I ("Honeywell Intellectual Property International . . . manages the commercialization of Honeywell's IP assets, including patents . . . .").

20. Defendant knows, or at the very least, reasonably should know, that neither the '990 Patent nor the '247 Patent cover any Honeywell products, or any products whatsoever.

21. As a result of its false marking, Honeywell has injured the United States Government, including its sovereign interest, and Honeywell's existent and potential competitors, as well as the general public, including Relator—a member of the general public incurring the time and expense associated with enforcement in this *qui tam* action.

## CLAIM

22. Relator incorporates paragraphs 1–21 above as if fully set forth herein. Honeywell has violated 35 U.S.C. § 292 by falsely marking its products, including the FRAM® EXTRA GUARD® 8039 Air Filter, FRAM® XTENDED GUARD™ XG2 Oil Filter, FRAM® XTENDED GUARD™ XG6607 Oil Filter, and FRAM® XTENDED GUARD™ XG16 Oil Filter products, with intent to deceive the public.

## PRAYER FOR RELIEF

WHEREFORE, Relator respectfully requests that this Court enter:

(a). A judgment in favor of Relator that Defendant has falsely marked items in violation of 35 U.S.C. § 292;

(b). A monetary award pursuant to 35 U.S.C. § 292 in the form of a civil fine of $500 per falsely marked article, or an alternative amount, as set by the Court, one-half of any such award to be paid to the United States;

(c). An accounting for any falsely marked articles not presented at trial and a monetary award set by the Court for such falsely marked articles;

(d). An award of pre-judgment and post-judgment interests on any monetary award;

(e). An injunction prohibiting Defendant, and its officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from violating 35 U.S.C. §292; and

(f). Any and all other relief, at law or equity, to which Relator may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Relator, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: July 2, 2010                                    Respectfully submitted,

                                                       By: /s/ Hao Ni

Hao Ni – LEAD COUNSEL
State Bar No. 24047205
Ni Law Firm PLLC
3102 Maple Avenue, Suite 400
Dallas, TX 75201
(214) 800-2208
hni@nilawfirm.com

Tyler K. Brochstein
State Bar No. 24059490
Brochstein Law Firm, PLLC
2820 McKinnon Street, Suite 4063
Dallas, TX 75201
(214) 444-3310
tyler@brochlaw.com

Jack L. Siegel
State Bar No. 24070621
Jack L. Siegel PLLC
3530 Travis Street, Suite 421
Dallas, TX 75204
(214) 699-1498
jack@jlsiegellaw.com

**Attorneys for Relator**
**PATECT, LLC**